Susan H. Brock Informal Opinion Town Attorney No. 2007-3 Town of Ithaca 306 East State Street Suite 230 Ithaca, New York 14850
Dear Ms. Brock:
You have requested an opinion regarding the Town's authority to regulate fireworks displays. You have explained that a privately-owned vineyard within the Town is a popular site for wedding receptions, and that some wedding parties wish to have fireworks as part of their celebration. Thus, you have asked whether the Town may issue a fireworks permit for a display that will be part of a wedding reception held on private property. You have further asked whether the Town may require applicants for fireworks display permits to also apply for a Town noise permit. As we explain more fully below, we believe that the answer to both of your questions is no.
I. Statutory Framework
Penal Law § 270.00 prohibits a person from offering or exposing for sale, selling, or furnishing any fireworks, Penal Law § 270.00(2)(a), and also prohibits a person from possessing, using, exploding, or causing to explode any fireworks, id. § 270.00(2)(b). A person does not commit an offense proscribed by section 270.00 if he or she obtains a permit pursuant to Penal Law § 405.00.[1] Id. § 270.00(2)(a), (b).
Section 405.00 provides that, "[n]otwithstanding the provisions of section 270.00, the permit authority of a state park, county park, city, village or town may upon application in writing, grant a permit for the public display of fireworks by *Page 2 
municipalities, fair associations, amusement parks or organizations of individuals." Penal Law § 405.00(2).
Section 405.00 also provides that "[a]ll local ordinances regulating or prohibiting the display of fireworks are hereby superseded by the provisions of this section."[2] Id. § 405.00(5).
II. Town's Authority to Permit a Fireworks Display as Part of aWedding Reception Held on Private Property
The statutes governing the use of fireworks, as outlined above, clearly authorize public, and not private, displays. See Penal Law § 270.00(2) (defining the offense of using, exploding, or causing to explode fireworks, "except where a permit is obtained pursuant to section 405.00"); id. § 405.00(2) (the permit authority may "grant a permit for the public display of fireworks by municipalities, fair associations, amusement parks or organizations of individuals") (emphasis added); see also Op. Att'y Gen. (Inf.) No. 91-17 (the Penal Law authorizes the issuance of permits by local governments only for the public display of fireworks; a private display would remain unlawful under Penal Law § 270.00); 1952 Op. St. Comptr. No. 5800 (state law provides no authority for the issuance of a fireworks permit for a private display of fireworks by an individual for private family entertainment).
We believe that a fireworks display as you have described is not authorized by Penal Law § 405.00. First, while you have advised that some members of the public may in fact be able to see the fireworks from, for example, nearby roads, this is not, in our opinion, the sort of "public display" contemplated by the statute. The very nature of certain types of fireworks renders likely the ability of a person not in the target audience to see even a private display.[3] We believe that a display that is only *Page 3 
incidentally viewed by people not a part of the private gathering does not constitute a "public display."
You have suggested that a wedding party might make the private property open to the public during the course of the fireworks display if this would render it a public display. In our opinion, this still would not bring it within the type of display for which a permit may be granted. First, as discussed above, we believe that it is the target audience, rather than the status of the property on which the display is held, that renders a fireworks display public or private. A fireworks display held for the benefit of a private group only is, in our opinion, an illegal private display.
Moreover, a permit authorizes the public display of fireworks "by municipalities, fair associations, amusement parks or organizations of individuals." Penal Law § 405.00(2). A wedding party is obviously not a municipality, fair association, or amusement park; we believe that it is also not included in an "organization of individuals."
First, a wedding party is not what is commonly understood as an "organization," which is defined as a "group of persons organized for a particular purpose; an association." American Heritage Dictionary of theEnglish Language, 4th Ed. (2000). Moreover, an early version of the then-proposed law provides an indication of what was meant by an "organization of individuals." In a bill introduced in the Assembly, the permit authority was authorized to grant a permit for the public display of fireworks "by municipalities, fair associations, amusement parks, religious or civic organizations, or other organizations or groups of individuals." A. 2871, 162nd
Sess. (N.Y. 1939). In the enacted version, the language "religious or civic organizations, or other organizations or groups of individuals" was replaced with "organizations of individuals." Act of Apr. 10, 1940, ch. 387, § 1, 1940 N.Y. Laws 1056. It seems likely that the types of organizations contemplated by "organizations of individuals" are religious, civic, or comparable organizations.
We therefore conclude that under the circumstances you have described, the Town may not issue a fireworks display permit.
III. Town's Authority to Require a Noise Permit for FireworksDisplays
You have asked whether the Town may require an applicant for a fireworks display permit to also apply for a noise permit. We are of the opinion that the Town may not. *Page 4 
As you note, we have previously opined that the Legislature, by enacting what is now Penal Law § 405.00, intended to establish exclusive state regulation of the display of fireworks. Op. Att'y Gen. (Inf.) No. 82-18. In that opinion, however, the local regulation was directly and exclusively related to fireworks displays. In contrast, here the question is whether a local provision that applies more generally to prohibit loud noises absent a permit is superseded by Penal Law §405.00(5) ("All local ordinances regulating or prohibiting the display of fireworks are hereby superseded by the provisions of this section.").[4]
We are of the opinion that a local provision that requires a noise permit is superseded with respect to fireworks displays. The plain language of the statute provides that "[a]ll local ordinances regulating or prohibiting the display of fireworks" are superseded. A local provision that would condition a public display of fireworks on the receipt of a noise permit would regulate, and potentially prohibit, a display of fireworks otherwise permitted under Penal Law § 405.00.
The Attorney General issues formal opinions only to officers and departments of state government. Thus, this is an informal opinion rendered to assist you in advising the municipality you represent.
Very truly yours,
KATHRYN SHEINGOLD Assistant Solicitor General In Charge of Opinions
[1] Other exceptions to these prohibitions do not apply in this instance. Penal Law § 270.00(3).
[2] The statute provides one narrow exception: "Every city, town or village shall have the power to enact ordinances or local laws regulating or prohibiting the use, or the storage, transportation or sale for use of fireworks in the preparation for or in connection with television broadcasts." Penal Law § 405.00(5).
[3] "Fireworks" and "dangerous fireworks" are broadly defined and include skyrockets, rockets, and Roman candles, Penal Law § 270.00(1), items that are intended to shoot into the sky, as well as firecrackers and sparklers, id., items that ordinarily cannot be seen overhead from a distance.
[4] We have previously concluded that the intent of the Legislature was not just to supersede local ordinances, but "all local power over fireworks," Op. Att'y Gen. (Inf.) No. 82-18, i.e., regulation by local law as well. *Page 1